UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY POWELL ET AL. | ) | 3:21-CV-01605 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC | ) | SEPTEMBER 7, 2022 |
| ET AL. | ) | |
| *Defendants*. | ) | |

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Kari A. Dooley, United States District Judge:

Before the Court is a Motion for Temporary Restraining Order ("TRO") filed by Plaintiffs Gary and Gail Powell (the "Powells"). *See* ECF No. 20. The Court has reviewed the motion and its attachments.

"Issuance of preliminary injunctive relief, such as a TRO or preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "The traditional standards which govern consideration of an application for a temporary restraining order…are the same standards as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.,* 965 F.2d 1224, 1228 (2d Cir. 1992). To obtain a preliminary injunction, a party must demonstrate: "1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.,* 375 F.3d 94, 96 (2d Cir. 2002).

Plaintiffs provided notice of this motion by sending the motion to Defendants' Attorney of Record, Hinshaw & Culbertson, LLP, on September 6, 2022 by U.S. mail. Plaintiffs also had a non-party to this action leave a voicemail at the offices of Hinshaw & Culbertson, LLP, informing them that Plaintiffs would be filing this motion. Generally, Federal Rule of Civil Procedure 65 prohibits the issuance of a restraining order without notice save for the circumstances set forth in Rule 65(b). Plaintiffs do not assert that the provisions of Rule 65(b) are met here. Rather, they assert that notice has been provided in advance of seeking this restraining order. Because the Plaintiffs have not met their burden of demonstrating likely success on the merits, the Court need not decide whether this purported notice is sufficient to overcome the prohibition against the issuance of a temporary restraining order without notice.

Plaintiffs' claims derive from an alleged settlement agreement entered with the Defendants through which the current foreclosure of Plaintiffs' home would be withdrawn. In their prayer for relief, the Plaintiffs seek, *inter alia,* that this Court "assume jurisdiction" over the foreclosure action as well as specific performance under the settlement agreement, which would have the effect of vacating the judgment of foreclosure. Through this motion, they seek to enjoin the foreclosure action and any foreclosure sale during the pendency of this action.[1] This, the Court cannot do.

Defendants have moved to dismiss this complaint in its entirety, citing, *inter alia,* the *Rooker-Feldman* doctrine, which denies federal district courts jurisdiction over claims that essentially appeal state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 28, 283–84 (2005). Under *Rooker–Feldman*, federal courts lack subject matter jurisdiction over claims that, in substance, challenge state court judgments. *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018); *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 260 (D. Conn.

---

[1] Currently, a foreclosure sale is scheduled for October 8, 2022.

2017) ("Courts in the Second Circuit apply *Rooker-Feldman* to foreclosure actions."). "[I]n order for a court to be deprived of jurisdiction under the *Rooker-Feldman* doctrine, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho*, 901 F.3d at 645; *Exxon Mobil Corp.* 544 U.S. at 284.

Although Plaintiffs challenge the application of the doctrine to their complaint, for purposes of assessing the motion for a temporary restraining order, the Court concludes that it is quite likely that *Rooker-Feldman*, at the very least, bars this Court from awarding the equitable relief Plaintiffs request. By pursuing enforcement of the settlement agreement, Plaintiffs seek to undo the judgment of foreclosure and to enjoin any further foreclosure of their property. This is precisely the type of invitation to "review and reject" a state court judgment that *Rooker-Feldman* was aimed at precluding. *See Omotosho v. Freeman Investment & Loan*, 136 F. Supp. 3d 235, 247 (D. Conn. 2016) (finding that where an alleged injury is the product of a judgment in a foreclosure action and the granting of relief would require the district court to review that state court judgment, the district court is barred by *Rooker-Feldman*); *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 514 (D. Conn. 2015) *reconsideration denied*, No. 3:14-CV-53 (CSH), 2015 WL 2124365 (D. Conn. May 6, 2015), *and aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Trust Co.*, 632 Fed. App'x 32 (2d Cir. 2016) ("In the particular context of state court judgments of foreclosure, courts in this circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine"). Indeed, Plaintiffs previously sought to enjoin the state court foreclosure action in a prior action, which the Court determined

was precluded by *Rooker-Feldman*. *See Powell v. Ocwen, et. al.*, Dkt. No. 3:18-cv-1879 (JAM), ECF No. 24, ("To the extent that the Powells seek to altogether enjoin the foreclosure or to otherwise impeach any basis for the foreclosure judgment, then it is clear that the second and third elements [of the doctrine] are satisfied and that the *Rooker-Feldman* doctrine bars this lawsuit to such extent that the Powells' claims would either invalidate or imply the invalidity of the state court foreclosure action."), *aff'd, Powell v. Ocwen Loan Servicing, LLC,* 840 Fed. App'x 610 (2d Cir. 2020).

Because the Court does not appear to have the jurisdiction to grant Plaintiffs' request for permanent injunctive relief, it is axiomatic that Plaintiffs cannot demonstrate entitlement to identical temporary relief. For these reasons, it is also unnecessary to issue an order to show cause or otherwise convene a hearing to determine whether such injunctive relief should be granted.

Plaintiffs' Motion for a Temporary Restraining Order is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of September 2022.

                                               */s/ Kari A. Dooley*
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE