UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY AND GAIL POWELL,<br>    *Plaintiffs*,<br>        v.<br><br>OCWEN LOAN SERVICING, LLC, *et al.*,<br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:21-cv-01605 (KAD)<br><br><br><br>MARCH 16, 2023 |

**MEMORANDUM OF DECISION
RE: DEFENDANTS' MOTION TO DISMISS (ECF NO. 15)**

Kari A. Dooley, United States District Judge:

The parties' familiarity with the lengthy litigation history between these parties, to include the underlying state court foreclosure action, which has now been pending since May of 2016, is presumed. Plaintiffs commenced this most recent action against Ocwen Loan Servicing, LLC ("Ocwen"), as loan servicer for Deutsche Bank National Trust Company, PHH Mortgage ("PHH") and their counsel, Hinshaw and Culbertson LLP. Plaintiffs invoke the Court's diversity jurisdiction and bring a breach of contract action arising out of an alleged settlement agreement reached to resolve the underlying foreclosure. Plaintiffs appear to ask this Court to "assume jurisdiction" of the foreclosure action. Plaintiffs further seek a declaration of their rights under the settlement agreement and enforcement of same, as well as money damages, attorneys' fees and costs. Defendants have moved to dismiss this action under the *Rooker-Feldman* doctrine, *res judicata*,[1] and because the Defendant attorneys are protected from any claims arising out of and during the litigation. For the following reasons, Defendants' motion to dismiss is GRANTED.

---

[1] Because the Court dismisses Plaintiff's claims under the *Rooker-Feldman* doctrine, *see infra*, it does not undertake any analysis of Defendants' *res judicata* argument.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

As to the breach of contract claims against Hinshaw and Culbertson, LLP, Plaintiffs attach to the Complaint an alleged settlement agreement between themselves and various parties to include Ocwen "now known as" PHH. Counsel are not identified as parties to the agreement and are not otherwise plausibly alleged to be parties to the agreement. The breach of contract claims against Hinshaw and Culbertson LLP may be dismissed on this basis alone. *See Avant Cap. Partners, LLC v. Strathmore Dev. Co. Mich., LLC*, No. 3:12-CV-1194 (VLB), 2013 WL 5435083, at *12 (D. Conn. Sept. 30, 2013) (finding that it is "axiomatic that only parties to a contract can be liable for a breach of that contract"). Further, the allegations against Hinshaw and Culbertson LLP all arise out of the firm's representation of Ocwen and PHH during efforts to resolve the underlying

foreclosure litigation. As such, their conduct is protected by the litigation privilege and non-actionable. *See Hopkins v. O'Connor*, 282 Conn. 821, 830–31 (2007) ("It is well settled that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.") (internal quotations and citation omitted). All claims against Hinshaw and Culbertson are DISMISSED.

As to the claims against Ocwen and PHH, under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that in substance challenge state court judgments. *See Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). "[I]n order for a court to be deprived of jurisdiction under the *Rooker-Feldman* doctrine, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (citation omitted).

Here, to the extent the Plaintiffs seek a declaration of their rights under the settlement agreement and the enforcement of same, the requisites of *Rooker-Feldman* are met. There is little question that Plaintiffs lost in state court insofar as the foreclosure action has gone to judgment against them. Plaintiffs complain of injuries deriving from that state court judgment—the loss (or potential loss) of their home. Plaintiffs invite this Court to review and reject that judgment, as enforcement of the alleged settlement agreement would result in the vacating of the foreclosure action, the withdrawing of the action and the reinstating of Plaintiffs' mortgage under the terms of

the agreement. Finally, there is little question that the state court judgment, which occurred in 2018, entered prior to the bringing of this action. Thus, it is manifest that this Court cannot enforce the alleged settlement agreement or declare the parties' rights thereunder without rejecting and undoing the state court judgment of foreclosure. *See Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021) (finding that *Rooker-Feldman* squarely forecloses plaintiffs from seeking to void state court foreclosure decisions transferring their property); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent [the plaintiffs] ask[] the federal court to grant [them] title to [their] property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [their] claim."); *see also Silva v. US Bank, Nat'l Assoc.*, 294 F. Supp. 3d 1117, 1128 (D. Colo. 2018) (where *Rooker-Feldman* precluded subject matter jurisdiction over foreclosure and eviction proceedings because declaring the foreclosure void and vacating the foreclosure sale would have completely undone the proceeding conducted in state court).

However, to the extent Plaintiffs seek money damages flowing from Defendants' alleged breach of the settlement agreement, *Rooker-Feldman* may not be an impediment to this Court's exercise of jurisdiction over such a claim. The "doctrine does not bar a plaintiff from raising…claims based on the same facts as a prior state case, so long as the plaintiff complains of an injury independent of an adverse state court decision." *Exxon,* 544 U.S. at 293 (noting that *Rooker-Feldman* does not bar independent claims, even if those claims "den[y] a legal conclusion that a state court has reached in a case to which [the plaintiff] was a party"). Here, Plaintiffs allege a breach of the settlement agreement and a breach of the implied covenant of good faith and fair dealing. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005) (noting that *Rooker-Feldman* does not bar independent claims, even if those claims "involve the identical

subject matter and parties as previous state-court suits"); *see also Wenegieme v. U.S. Bank Nat'l Ass'n*, No. 16 Civ. 6548 (ER), 2017 WL 1857254, at *7 (S.D.N.Y. May 4, 2017), *aff'd*, 715 Fed. App'x 65 (2d Cir. 2018).

Thus, *Rooker-Feldman* does not bar claims that "seek damages from [d]efendants for injuries [a plaintiff] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment." *Vossbrinck*, 773 F.3d at 427 ("[C]laims sounding under the FDCPA, RICO, and state law speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments."); *see also Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 Fed. App'x. 20, 22 (2d Cir. 2016) ("The *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment."). However, "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock,* 422 F.3d at 88.

In assessing this question, courts must "scrutinize the injury of which a plaintiff complains as a necessary step toward determining whether the suit impermissibly seeks review and rejection of a state court judgment…or permissibly seeks some other remedy." *Charles v. Levitt,* 716 Fed. App'x 18, 21 (2d Cir. 2017). Here, Plaintiff seeks unspecified damages as a result of Defendants' misconduct, which has resulted in the Plaintiffs' home reverting to the lender, creating the risk that Plaintiffs will lose their home. *See* Complaint at 7. Under these circumstances, *Rooker-Feldman* bars the Court from exercising its jurisdiction.

In *Levitt,* the Plaintiff brought civil RICO and fraud actions for money damages in which he claimed injuries that "derived from a court ordered receivership over, and threatened sale of" certain property. Insofar as the "damages [plaintiff] seeks are aimed at compensating him for the potential loss of the Property…the [RICO and fraud] claims do not escape the ambit of the *Rooker-Feldman* doctrine" because "'the injury of which [he] complains…and which he seeks to have remedied, is the state [ ] judgment.'" *Levitt,* 716 F. 3d at 22 (quoting *Vossbrick,* 773 F.3d at 427).

Moreover, the Court finds persuasive *Whyte v. Bayview Loan Servicing*, LLC, 21-CV-3301 (PKC) (LB), 2022 WL 4484664 (E.D.N.Y. Sept. 27, 2022), in which the court determined that Plaintiffs' claims were barred by *Rooker-Feldman.* There, plaintiffs' asserted claims related to a loan agreement, a promissory note and a mortgage, all of which related to the defendant's standing to foreclose on the plaintiffs' property. The Court dismissed the case for lack of subject matter jurisdiction under *Rooker-Feldman* because "the only source of [p]laintiff[s'] current injuries is the state court's foreclosure judgment." *Whyte*, 2022 WL 4484664 at *6 (internal quotations and citation omitted). The "ultimate inquiry remains whether the fraud-related damage complained of…comes from the unfavorable state court judgment." *Id.* (internal quotations and citation omitted). The same is true here. Any damages sought by Plaintiffs are tied inextricably to the loss (or potential loss) of their home through the state court foreclosure action. In other words, their claim for damages is a direct result of the foreclosure. *See id.* at *6; *see also Roberts v. Perez*, No. 13-CV-5612 (JMF), 2014 WL 3883418, at *3 (S.D.N.Y. Aug. 7, 2014) (the absence of injury prior to the state court judgment is the "[m]ost telling" sign that Plaintiffs are actually attacking the state court judgment); *see also Yan Ping Xu v. Suffolk Cty.*, 19-CV-1362 (JMA) (ARL), 2021 WL 1163007, at *4 (E.D.N.Y. Mar. 26, 2021) (barring claims seeking damages under *Rooker-Feldman*

where damages allegedly resulting from fraud and other misconduct were caused by the state court orders at issue). Accordingly, Plaintiffs' claims are barred by *Rooker-Feldman*.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 15) is GRANTED. The Clerk of Court is directed to terminate Defendant Hinshaw & Culbertson, enter judgment for the remaining Defendants and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of March 2023.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE