## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY POWELL, *et al.,* | ) | CASE NO. 3:21-cv-01605 (KAD) |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, *et al.*, | ) | DECEMBER 27, 2024 |
| *Defendants*. | ) | |

### <u>ORDER DISMISSING CASE</u>

Kari A. Dooley, United States District Judge:

"All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (*per curiam*) (quotation marks, alterations, and citation omitted). "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (*per curiam*) (quotation marks and citations omitted).

Federal Rule of Civil Procedure 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was

carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citation omitted). The same factors are considered when a plaintiff's conduct includes the failure to comply with court orders. *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d. Cir. 1995) (citing *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983). A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).

In *Powell v. Ocwen Loan Servicing, LLC*, No. 23-421, 2024 WL 763406, at *2 (2d Cir. Feb. 26, 2024), the Second Circuit Court of Appeals observed that this Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte.*" ECF No. 30 at 7. The Mandate issued on April 17, 2024. On April 19, 2024, in response to the Second Circuit's decision, the Court issued an order directing Plaintiffs to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction on or before May 10, 2024. *See* ECF No. 31. Plaintiffs did not respond to the Court's order. On November 1, 2024, the Court convened a Telephonic Status Conference. *See* ECF No. 33. During the conference, Plaintiffs represented that they had mailed their response to the Court's order to show cause to both the Court and the Defendants prior to the May 10 deadline. Counsel for the Defendants advised the Court that no response from the Plaintiffs was received. Plaintiffs further represented that they could resubmit their response quickly. Accordingly, the Court imposed a new deadline of November 8, 2024, which Plaintiffs agreed to meet. Plaintiffs again failed to submit their response by that deadline. In view of Plaintiffs' status as *pro se* litigants, the Court *sua sponte* extended the deadline to December 3, 2024. In doing so, the Court warned Plaintiffs that failure to meet the new deadline

"may result in sanctions, to include dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b)." *See* ECF No. 36.

To date, Plaintiffs have neither submitted their response nor requested an extension of time within which to do so. Accordingly, the basis upon which the Plaintiffs invoked this Court's subject matter jurisdiction, an issue on which Plaintiffs bear the burden, *see Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012), remains utterly unclear. And Plaintiffs have now failed to comply with three court orders designed to address the issue. Turning to the factors discussed above, the Court concludes that dismissal is appropriate.

First, Plaintiffs' failure to follow the Court's orders has caused a significant delay of over eight months from the issuance of the mandate on the threshold question of this Court's jurisdiction. Plaintiffs were given two extensions to the original deadline, the first during a phone conference in which they agreed to submit the required response by November 8, 2024, and a second *sua sponte* extension. Second, Plaintiffs were warned in the Court's order *sua sponte* extending their deadline that failure to comply with the order could result in dismissal. Third, further delay will prejudice Defendants, who have been diligently participating in this litigation for years and have a right to the adjudication of the claims against them. Fourth, the case is over three years old. Since receiving the Second Circuit's mandate the Court has afforded Plaintiffs every opportunity to provide the basis upon which they invoked this Court's jurisdiction, but as a result of Plaintiffs' refusal to follow the Court's instructions, no progress has been made on this issue in the last eight months. Finally, the Court concludes that lesser sanctions would be ineffective. Not only have Plaintiffs failed to comply with multiple court orders, but they represented directly to the Court via telephone that they (1) had already done so when they, by all indications, had not; and (2), could easily do so within the Court's second proposed deadline.

Plaintiffs' inaction leads the Court to conclude that Plaintiffs had no basis upon which to invoke this Court's subject matter jurisdiction, but more to the point for purposes of Rule 41(b), have chosen to abandon their claims rather than respond to the Court's orders.

Accordingly, for the foregoing reasons, this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to enter judgment for Defendants and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of December 2024.


          _/s/ Kari A. Dooley_          
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE